IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 12-03009-02-CR-S-DW |
| ) | |
| RUBEN TAPIA, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on defendant's Motion to Suppress, [Doc. # 92], to which the government has responded. [Doc. #95].

Defendant asserts that evidence found in a locked safe in a hotel room should be suppressed because that search exceeded the scope of the state search warrant for the hotel room. He contends that because the safe was locked and the officers forced it open, the search and seizure of the contents of the locked, wall-mounted safe violated the Fourth and Fourteenth Amendments because the search exceeded the scope of the search warrant for the hotel room. It is his position that a separate warrant to open the safe was constitutionally required. Alternatively, defendant contends that the dog sniff was insufficient to establish probable cause for a warrantless search inside the locked safe.

The government maintains that the law in this area has been clearly enunciated by the

1

Supreme Court, in which the Court held that, "[a] lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." United States v. Ross, 456 U.S. 798, 820–21 (1982).  To further support its argument, the government relies on the Eleventh Circuit's ruling that,  "a warrant to search a specific area for a certain class of things authorizes government agents to break open locked containers which may contain the objects of the search." United States v. Jackson, 120 F.3d 1226, 1228–29 (11th Cir.1997).

      Having fully reviewed the arguments of the parties, and the relevant case law, the Court finds that it must be recommended that defendant's motion to suppress be denied.   In this case, the affidavit in support of the unchallenged state search warrant authorized officers to search the defendant's hotel room for evidence relating to the distribution of controlled substances, including, "but not limited to methamphetamine, drug paraphernalia, contraband, items of identification, drug proceeds or documents, written ledgers or electronic media to include any information kept in or on any cellular phone, or drug activity which is/are under the unlawful possession or unlawful control of a person [in room #118]. . . ." [Search Warrant, at 1].

      The law is abundantly clear that a search warrant that authorizes a search of a hotel room for narcotics, drug paraphernalia, contraband, drug proceeds and other items, permits law enforcement officers to search throughout the entire room. The search warrant in this case provided the officers broad authority to search for evidence of illegal drug activity.  The law allows, in such circumstances, officers to open closets, chests, drawers, and containers in which drugs and other contraband might be found, regardless of the nature of the container or whether

2

it is locked or not. It is undisputed in this case that the officers forced open the wall-mounted safe in the hotel room, finding a large amount of currency and a firearm, which were within the scope of the search as evidence of illegal drug activity. Given that the unchallenged search warrant was lawfully issued and executed, and given that it afforded the officers the authority to search the entire hotel room, including opening and searching the locked wall safe in question, the suppression of evidence obtained as a result of the search and seizure is not required. Additionally, because of the Court's findings herein, it is not necessary to address defendant's alternative argument regarding the canine unit. Accordingly, it must be recommended that defendant's Motion to Suppress be denied.

For the foregoing reasons, it will be

RECOMMENDED that defendant's Motion to Suppress be denied.

/s/ James C. England
JAMES C. ENGLAND
UNITED STATES MAGISTRATE JUDGE

DATE:   11/2/12

3

Case 6:12-cr-03009-MDH   Document 96   Filed 11/02/12   Page 3 of 3